IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

GERALD DeVAUGHN McGEE,
#32001-018                                                                    PETITIONER

VS.                                                    CIVIL ACTION NO. 3:15cv177-DPJ-FKB

WARDEN UNKNOWN
BLACKMON                                                            RESPONDENT

## **REPORT AND RECOMMENDATION**

Gerald DeVaughn McGee filed this action under 28 U.S.C. § 2241 while he was a federal prisoner incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi. In his petition, McGee argued that his sentence was being computed incorrectly because he had wrongfully been denied credit for time spent in federal custody. Since the filing of his petition, he has completed serving his term of imprisonment. The undersigned concludes that because McGee has completed serving his term of imprisonment, this court is without jurisdiction to consider his petition.

McGee was sentenced on June 24, 2008, in the United States District Court for the Middle District of Florida to a 110-month term on a drug offense and a four-year period of supervised release. [12-2] at 36-41. According to the Bureau of Prison's website, he was released on April 8, 2016. Federal Bureau of Prisons, http://www.bop.gov/inmateloc/ (last visited Feb. 22, 2017). Presumably, he is now serving his term of supervised release.

The fact that McGee is no longer incarcerated raises the issue of the mootness *vel non* of his petition. A prisoner's petition regarding wrongful computation of a sentence is not necessarily moot once the prisoner is on supervised release, because there remains the possibility that a court may modify his term of supervised release if it determines that he was incarcerated beyond his properly-calculated term of imprisonment. *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006). However, the only court with jurisdiction to consider a reduction in a period of supervised release is the sentencing court or a court to which the sentencing court has transferred jurisdiction. *See* 18 U.S.C. § 3583(e) and 18 U.S.C. § 3605; *see also Watkins v. Garrett*, 475 Fed. Appx. 430, 431 (5th Cir. 2012). The Florida district court which sentenced McGee has not transferred jurisdiction to this court. Thus, there is no case or controversy before this court, because any determination this court were to make concerning the calculation of McGee's sentence could not result in any specific relief. *See Lawson v. Berkebile*, 308 Fed. Appx. 750, 752 (5th Cir. 2009) (holding that where petitioner who had alleged that he was wrongfully denied early release was now on supervised release, non-sentencing court had no case or controversy before it because it could provide no specific relief). Thus, McGee's petition is moot and must be dismissed.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual

findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    Respectfully submitted, this the 10th day of March, 2017.

                              <u>s/ F. Keith Ball</u>
                              United States Magistrate Judge